NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-924


PATRICK E. PHILLIPS, JR., ET AL.

VERSUS

G & H SEED COMPANY, INC., ET AL.


**********


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 00-C-2220-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of John D. Saunders, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

Saunders, J., dissents and assigns written reasons.


AFFIRMED.


Jerold Edward Knoll
Triston Kane Knoll
The Knoll Law Firm
P. O. Box 426
Marksville, La 71351
(318) 253-6200
Counsel for Intervenor/Appellee:
    Georgia V. Bernard
    James E. Bernard, Jr.

**Gary A. Bezet**
**Robert E. Dille**
**Terrence D. McCay**
**Carol L. Galloway**
**Allison N. Benoit**
**Kean, Miller, Hawthorne, D'Armond,**
   **McCowan & Jarman, L.L.P.**
**P. O. Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**Counsel for Defendants/Appellees:**
     **Bayer CropScience L.P.**
     **Michael Redlich**
     **G & H Seed Company, Inc.**
     **Crowley Grain Drier, Inc.**
     **Nolan J. Guillot, Inc.**
     **Mamou Rice Drier and Warehouse, Inc.**

**Gerald Charles deLaunay**
**Attorney at Law**
**P. O. Box 53597**
**Lafayette, LA 70505**
**(337) 237-8500**
**Counsel for Defendant/Appellee:**
     **Seafood International, Inc., et al.**

**Patrick C. Morrow**
**Morrow, Morrow, Ryan & Bassett**
**P. O. Box 1787**
**Opelousas, LA 70570**
**(337) 948-4483**
**Counsel for Defendant/Appellee:**
     **Class Counsel**

**Michael T. Pulaski**
**Allen V. Davis**
**McCranie, Sistrunk, Anzelmo, Hardy,**
   **Maxwell & McDaniel, PC**
**195 Greenbriar Boulevard, Suite 200**
**Covington, LA 70433**
**(504) 831-0946**
**Counsel for Defendant/Appellee:**
     **Allianz Global Risks US Insurance Company**

**Elwood C. Stevens, Jr.**
**Attorney at Law**
**P. O. Box 2626**
**Morgan City, LA 70381**
**(504) 384-8611**
**Counsel for Plaintiffs/Appellants:**
     **Larry and Brenda Judice**

André F. Toce
The Toce Firm, APLC
P. O. Box 158
Broussard, LA 70518-0158
(337) 233-6818
Counsel for Plaintiffs/Appellees:
        Larry and Brenda Judice, Individually,
        and as President and Secretary of
        Larry French Market, Inc.

Carl M. Duhon
Attorney at Law
P. O. Box 52566
Lafayette, LA 70505
(337) 237-9868
Counsel for Plaintiff/Appellee:
        Patrick E. Phillips, Jr.

Terrence D. McCay
Attorney at Law
One Lakeshore Drive, Suite 1600
Lake Charles, LA 70601
(337) 430-0350
Counsel for Defendant Appellee:
        G & H Seed Company, Inc.
        Bayer CropScience, L.P.
        Michael G. Redlich
        Nolan J. Guillot, Inc.
        Crowley Grain Dryer, Inc.
        Mamou Rice Drier and Warehouse, Inc

**DECUIR, Judge.**

The case before us addresses the one year liberative prescription period for delictual actions codified at La.Civ. Code art. 3492. This litigation is related to a class action suit filed by numerous crawfish farmers who were allegedly adversely affected by the use of the pesticide Icon in rice fields in South Louisiana, which fields are also used as, or are located in close proximity to, the crawfish farmers' ponds. *See West v. G. & H. Seed Co.,* 01-1453 (La.App. 3 Cir. 8/23/02), 832 So.2d 274, for a thorough description of the factual background of this case.

In the instant suit filed on May 24, 2000, Patrick Phillips and Atchafalaya Processors, Inc. pursued their claims as crawfish buyers/processors as a class action against the manufacturers and distributors of Icon. Three amended petitions were filed wherein numerous crawfish buyers, processors, and wholesalers joined as plaintiffs, claiming damages resulting from the widespread decline of the 2000 and 2001 crawfish crops allegedly from the use of the pesticide. Appellants herein, Larry's French Market and its owners, Larry and Brenda Judice, filed a petition of intervention on May 14, 2004 claiming, with nineteen other intervenors, to be "engaged exclusively in the buyer/processor end of the joint ventures they conduct with the crawfishermen whom they support, and from whom they buy crawfish."

In August 2005, a fourth amended petition was filed omitting all references to a class action. Instead, all plaintiffs consolidated their allegations and joined one another as individual plaintiffs. Pursuant to La.Code Civ.P. art. 596, "Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." Therefore, for the plaintiffs who were members of the class which was specifically defined and/or described in

the petitions filed, prescription was suspended from May 24, 2000 through August 8, 2005 when the suit was no longer a class action.

The question presented in this appeal is whether the claims of Larry's French Market and Larry and Brenda Judice have prescribed or whether prescription was suspended in their favor during the pendency of the class action suit and began to run anew on August 8, 2005. The trial court found their claims prescribed based on the deposition testimony of Larry Judice, who described his business as a restaurant. After reviewing the pleadings, evidence, and pertinent jurisprudence, we find no error in the decision rendered by the trial court and affirm.

The evidence before us presents Mr. Judice as a life long resident of Texas with strong ties to Louisiana who actively promotes and supports the Cajun culture of South Louisiana, his ancestral home. Mr. Judice related the history of his business, Larry's French Market, as originally a grocery store founded by his grandparents in the 1920s near Port Arthur, Texas. After purchasing the business, Mr. Judice began transforming it in the 1990s into a restaurant and general seafood market, with additional products necessary for the preparation of boiled crawfish and other Louisiana dishes. Mr. Judice testified that he had trouble getting crawfish in 1999, 2000, and 2001 and lost profits as a result. He entered this suit as an intervenor on May 14, 2004.

In describing his business, Mr. Judice testified that he buys Louisiana crawfish from farmers, wholesalers, and processors. Some of it is used in a variety of dishes in his restaurant. A large quantity is sold live to retail customers of his seafood market. The processed one-pound bags he purchases from processors are offered for sale in the seafood market. Mr. Judice considers himself a retailer. He does not

2

process crawfish and is in no way involved in the crawfish farmers' business. In fact, regarding the particular farmer he buys most of his crawfish from, Seth Abshire, Mr. Judice knows nothing of his farming practices, such as whether he owns all his own land, when he seeds his fields, what his crop rotation is, whether he has a water well, or even the total amount of his production. Mr. Judice has no obligation to Mr. Abshire, or any other farmer, to purchase a certain amount of crawfish. He does not finance any part of the farming operation or bear any risk in the farming business. While Mr. Judice often spoke to Mr. Abshire daily during crawfish season, the conversation was merely to determine if he had crawfish available and when it would be delivered.

By contrast, the relationship between the crawfish farmers and the buyer/processors was described in Mr. Judice's petition of intervention as follows:

> The buyers and the crawfishermen operate under a set of customs, understandings, and agreements. The buyers agree to provide the crawfishermen with essential supplies such as traps, bait, sacks, hip boots, transportation, cold storage, bait preparation, loaner crawfishing boats and transport vehicles, and credit arrangements. The buyers agree to accept, and pay for, the entirety of the crawfishermen's catch regardless of the size, quality or whether the buyer has a market for resale. In return, the crawfishermen agree to sell all, or substantially all, of the crawfish they catch to the buyers who supported them as referenced above. The Buyer-Crawfishermen relationship is so inextricable, co-dependent and symbiotic that the Intervenors often tell the crawfishermen when to fish, and when to take off, based upon the then applicable market conditions.

Furthermore, the Plaintiff Class, which included intervenors, was defined in the third amended class action petition with the following restrictive language:

> All persons or entities who, during the period January 1, 1999 through December 31, 2003, were Buyers and/or Processors of crawfish from members of the class of farmers/fishermen in *West*, C.A. #99-C4984-A, for resale, or further processing, and who allege damages as a result of the exposure of Louisiana crawfish crops to Icon.

3

Restaurants, restaurant owners and operators and general seafood wholesalers and retailers are specifically excluded from the class.

The record before us shows that Larry's French Market and its owners, Larry and Brenda Judice, do not fall into the category of plaintiffs in whose favor prescription has been suspended. These plaintiffs are not encompassed by the definition of the Plaintiff Class nor in the description of plaintiffs who are in a symbiotic relationship with the crawfish farmers of South Louisiana. We find La. Code Civ.P. art. 596 to be inapplicable because these plaintiffs were never properly included as "members of the class as defined or described" in the petitions. Therefore, the petition of intervention did not serve to interrupt or suspend prescription in the Judice plaintiffs' favor, and, in fact, their claim for lost profits from 1999 through 2001 had already prescribed.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to the plaintiffs, Larry's French Market and Larry and Brenda Judice.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

4

NUMBER 08-924

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

PATRICK E. PHILLIPS, JR.

V.

G&H SEED COMPANY, INC.

**Saunders, J., dissents and assigns written reasons.**

I would reverse. In my view, the plaintiff is both a buyer and processor of crawfish and a man who owns a restaurant. That portion of his business dedicated to buying and processing of crawfish would fit under the class an, in my view, would have a viable claim for its losses. The restaurant part of his business is excluded and, as such, would have no claim. I respectfully dissent.